# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

STEVEN R. MOSES,

        Plaintiff,

v.

NESBETT COURTHOUSE,

        Defendant.

Case No. 3:21-cv-00226-JMK

## ORDER OF DISMISSAL

On October 10, 2021, Steven R. Moses, a self-represented prisoner (hereinafter "Plaintiff"), sent a letter to the Clerk of Court along with several state court forms and extensive informal briefing to the Court, which the Clerk of Court docketed as "Motion to Transfer to District Court In the Matter of the Application of Post-Conviction Relief of Steven R. Moses."[1] On October 19, 2021, the Court issued an Order Re: Deficient Filing providing instructions on how to file a complaint in a civil action and an application to waive prepayment of the filing fee.[2] Further, the Court's Order instructed Plaintiff on the limits of subject matter jurisdiction and that, "Generally, federal district courts cannot accept transfers of state court cases in the interests of comity and abstention."[3] On November 3, 2021, Plaintiff filed a Prisoner's Complaint under the Civil Rights Act, 42 U.S.C.

---

[1] Docket 1.
[2] Docket 2.
[3] Docket 2 at 2.

§ 1983, along with a Prisoner's Application to Waive Prepayment of the Filing Fee.[4] Subsequently, Plaintiff filed numerous additional documents, most commonly titled with "USCS Fed Rules Evid R 201(c)(2),"[5] and others titled "Post-Conviction Relief Affidavit,"[6] "Writ of Mandamus – 28 USC 1361,"[7] "Certificate of Service,"[8] and "Notice of Intent – US Supreme Court Review 'Writ of Error.'"[9] Additionally, Plaintiff filed a motion titled "Request for Representation Through the United States Attorney's Office Under [Title 25 USC § 175]."[10]

On February 2, 2022, the Court screened the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.[11] The Court dismissed the Complaint for seeking monetary damages from defendants who are immune from suit and for failing to state a claim.[12] The Court granted leave to amend Claim 5, which failed Rule 8 pleading standards, but may have concerned an infringement of Plaintiff's right to send outgoing mail from his correctional institution.[13] The Court also denied the motion titled "Request for Representation Through the United States Attorney's Office Under [Title 25 USC § 175]."[14]

---

[4] Dockets 3 & 4.
[5] Dockets 5-9, 12-13, 15-17, 19-24, 26-31.
[6] Docket 11.
[7] Docket 14.
[8] Docket 25.
[9] Docket 32.
[10] Docket 10.
[11] Docket 33.
[12] Docket 33 at 16.
[13] Docket 33 at 5, 10–12.
[14] Docket 33 at 17.

Plaintiff has filed a First Amended Complaint,[15] another "Request for Representation Through the United States Attorney's Office,"[16] 14 additional related documents under the guise of "judicial notice,"[17] a certificate of service to numerous state, federal, and private entities presumably regarding his First Amended Complaint,[18] and a "Notice of Direct Appeal to the United States Supreme Court" directed at the Nesbett Courthouse, Attorney General for the State of Alaska, and the Office of the Governor of the State of Alaska.[19]

The Court now screens Plaintiff's First Amended Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. The Court shall not consider any of the additional documents filed with the Court, because that is not proper procedure to amend a complaint.[20]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner or litigant. In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[21]

---

[15] Docket 38.
[16] Docket 39.
[17] Dockets 34–36, 41–48, 51–53.
[18] Docket 40.
[19] Docket 49.
[20] See Fed. R. Civ. P. 15(a); see also Local Civil Rule 15.1.
[21] 28 U.S.C. § 1915A.

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[22] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[23] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[24] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[25]

## DISCUSSION

### I. First Amended Complaint

Plaintiff names Nesbett Courthouse, "a branch of the Alaska Court System," and the Alaska Court System, "a [Statewide] entity operating Nesbett Courthouse," as defendants in their official capacities.[26] Plaintiff alleges that April 29, 2020, he completed and submitted a Release of Bail form in his Alaska State Court criminal

---

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).
[23] See *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).
[24] See *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).
[25] See *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).
[26] Docket 38 at 2.

Case No. 3:21-cv-000226-JMK, *Moses v. Nesbett Courthouse, et al.*
Order of Dismissal
Page 4 of 12
Case 3:21-cv-00226-JMK   Document 55   Filed 06/02/22   Page 4 of 12

cases 3AN-17-05549CR and 3AN-19-10541CR.[27] He further alleges Nesbett Courthouse returned the form to him with a Criminal Deficiency Memo citing to Alaska Rule of Criminal Procedure 50 and Alaska Rule of Civil Procedure 81(c).[28] Plaintiff then states:

> Such 'supporting facts' are easily distinguished by the DOCKET HISTORY and need not be subject to further 'brief' from this point forward within this Federal Petition. FROM THIS POINT FORWARD IS CASE LAW THAT IS SUPPORTIVE OF [ACCESS TO COURT] WITHIN THE UNITED STATES COURT SYSTEM OF FEDERAL COURTS AND IS BINDING UPON THIS COURT WITH REGARDS TO [1st AMENDMENT § 1478] – WHICH WAS NOT ADDRESS WITHIN THE FEBRUARY 2, 2022 SCREENING ORDER.[29]

The following 11 pages of Plaintiff's Complaint are excerpts of case law, unrelated district court orders, statutes, and references to "1st Amendment § 1478."[30] In brief summary, Plaintiff alleges that Defendants issued Criminal Deficiency Memos that applied Alaska Rule of Criminal Procedure 50 and Alaska Rule of Civil Procedure 81(c), which require represented parties file motions and pleadings through counsel, and therefore violated his rights to access the courts under the First and Fourteenth Amendments of the U.S. Constitution.[31]

For relief, Plaintiff requests (1) damages of $3,000.00 per day per case 3AN-17-05549CR and 3AN-19-10541CR and $2,000.00 per day for 3AN-18-00120CN;

---

[27] Docket 38 at 3.
[28] Docket 38 at 3.
[29] Docket 38 at 3.
[30] See Docket 38 at 4–13.
[31] See Docket 38 3–13.

(2) punitive damages of $300 million dollars (firm); (3) an to "TERMINATE Criminal Pursuit due to 'multiple violations' of 'CLEARLY ESTABLISHED' Constitutional Rights executed by [1st Amendment § 1478]"; (4) a declaration that "[1st Amendment § 1478] PREEMPTS Criminal Rule 50 & Civil Rule 81(c)"; and (5) that "ALASKA COURT SYSTEM – AMEND Criminal Rule 50 & Civil Rule 81(c) to comply with CONSTITUTIONAL RIGHTS for any PARTY of ALASKA COURT SYSTEM."[32]

The Court takes judicial notice[33] of Plaintiff's ongoing state criminal matters, *State of Alaska v. Steven R. Moses*, Case No. 3AN-17-05549CR[34] and *State of Alaska v. Steven R. Moses*, Case No. 3AN-19-10541CR.[35] Further, the Court takes judicial notice[36] of Plaintiff's post-conviction proceeding *In the Matter of: Steven R. Moses v. State of Alaska*, Case No. 3AN-21-07436CI.[37]

---

[32] Docket 3 at 16.

[33] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[34] *State of Alaska v. Steven R. Moses*, Case No. 3AN-17-05549CR ("Party Charge Information: Charge #8 Probation/Parole Violation PTPR New Charge & Technical Violation – Filed in Anchorage" and "Event: Adjudication Hearing: Superior Court 02/15/2022").

[35] *State of Alaska v. Steven R. Moses*, Case No. 3AN-19-10541CR (Four counts of felony and misdemeanor assault) ("Event: Trial Setting Conference: Superior Court 02/23/2022).

[36] *Supra* note 33.

[37] *In the Matter of: Steven R. Moses v. State of Alaska*, Case No. 3AN-21-07436CI (Docket entry: "08/27/21 Application for Post-Conviction Relief (Criminal Rule 35.1) Criminal Case Number: 3AN-17-05549CR").

The Court notes that Plaintiff mentions Case No. 3AN-18-00120CN in his request for relief. No mention of this case number exists elsewhere in the Complaint.[38] CN case files are confidential with access only available to the parties at the appropriate Alaskan courthouse.[39] Therefore, the Court takes no judicial notice regarding this state court proceeding.

## II. Civil Rights Claims Under 42 U.S.C. § 1983

42 U.S.C. § 1983 permits an individual to sue for a violation of constitutional or civil rights in federal court. 42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[40] To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting under color of state law (2) deprived plaintiff of rights secured by the federal Constitution or federal statutes."[41]

### a. 42 U.S.C. § 1983 requires a defendant to be a state actor

42 U.S.C. § 1983 requires that a defendant must be "acting under the color of state law."[42] A defendant has acted under color of state law where he or she

---

[38] *See generally* Docket 38.
[39] Alaska Court System, CourtView Online Information—Case Types, available at https://courts.alaska.gov/trialcourts/cvinfo.htm#removed (last accessed May 31, 2022).
[40] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).
[41] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).
[42] *West v. Atkins*, 487 U.S. 42, 49 (1988).

has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[43]

States or state agencies are not persons under 42 U.S.C. § 1983. States have sovereign immunity due to the Eleventh Amendment of the U.S. Constitution, which makes them immune from suit unless that immunity is waived.[44] "States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are not 'persons' under [Section] 1983."[45] The Alaska Court System is the judicial "arm" of the State of Alaska, established by Article IV of The Constitution of the State of Alaska. The Nesbett Courthouse is a building operated by the Alaska Court System and houses operations of the Anchorage-based Third Judicial District of the Alaska Superior Court.[46] A building is not person and cannot act under the color of state law. The Alaska Court System, including the Nesbett Courthouse, are arms of the state and not considered persons under § 1983.

---

[43] *West*, 487 U.S. at 49 (internal citations omitted); *see also Tongol v. Usery*, 601 F.2d 1091, 1097 (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).
[44] *In re New York*, 256 U.S. 490, 497 (1921) (holding federal courts may not hear suits against a state brought by their own citizens, "because of the fundamental rule of which the [Eleventh] Amendment is but an exemplification."); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).
[45] *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)).
[46] Alaska Court System, Court Directory—Anchorage, https://courts.alaska.gov/courtdir/3an.htm (last accessed May 31, 2022).

### b. A state actor must violate a pre-existing federal constitutional or statutory right

42 U.S.C. § 1983 does not confer federal constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[47] Constitutional rights are those conferred by the U.S. Constitution to individual citizens. Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for violations of the statute in question.[48] Section 1983 does not provide a mechanism for remedying alleged violations of state law.[49]

The United States Supreme Court recognized "that the right to access the courts is an aspect of the First Amendment right to petition the Government for redress of grievances."[50] However, neither the First Amendment rights to speech, nor petition are absolute.[51] "Although prisoners have a constitutional right of access to the courts, the standard for access to the courts is 'meaningful access'

---

[47] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).
[48] *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027–28 (9th Cir. 1999).
[49] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).
[50] *Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 741, 103 S. Ct. 2161, 2169, 76 L. Ed. 2d 277 (1983) (relying on *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 508, 92 S. Ct. 609, 611, 30 L. Ed. 2d 642 (1972)).
[51] *Bill Johnson's Restaurants, Inc.*, 461 U.S. at 743 ("Just as false statements are not immunized by the First Amendment right to freedom of speech, baseless litigation is not immunized by the First Amendment right to petition.") (internal citations omitted).

rather than total or unlimited access. Certainly, there is no requirement that local [or state procedural] rules be suspended for every *pro se* plaintiff."[52]

Additionally, prisoners have a unique First Amendment right to access the courts.[53] Two lines of case law has developed addressing these prisoner claims. First, the United States Supreme Court created the "right to assistance" cases, where a prisoner must be given sufficient tools to challenge their sentences or conditions of confinement.[54] Second, "active interference" cases developed which prohibit a prison official or policy from impeding a prisoner's ability to litigate a claim with a reasonable basis in law or fact.[55] Plaintiff appears to rely on a variety of case law, including many cases from this unique body of law. However, as a threshold matter, the body of prisoner civil rights case law that Plaintiff relies upon is not factually analogous to Plaintiff's allegations.[56]

Here, Plaintiff disagrees with the application of the Alaska Rules of Criminal and Civil Procedure in his attempted state court filings. Plaintiff attacks the application of those rules, which were established to ensure consistent, fair, and

---

[52] *Fixel v. United States*, 737 F. Supp. 593, 596 (D. Nev. 1990).
[53] *Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir. 2017); *see also Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).
[54] *Lewis v. Casey,* 518 U.S. 343, 355 (1996); *see also Bounds v. Smith,* 430 U.S. 817, 828, (1977); *Wolff v. McDonnell,* 418 U.S. 539, 579-80 (1974); *Johnson v. Avery,* 393 U.S. 483, 490 (1969).
[55] *See Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) (holding "prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences of the conditions of their confinement without *active interference* by prison officials.").
[56] *See generally supra* notes 53–55.

speedy resolutions to criminal and civil matters in Alaska state courts.[57]  Despite the lack of supporting exhibits, the Court deduces from the allegations and the referenced state court dockets that Plaintiff's filings were restricted, because he was represented by counsel.  Both Rule 50 of Alaska Criminal Procedure and Rule 81 of Alaska Civil Procedure govern that once a party is represented by counsel, only counsel may file on that party's behalf.  These rules are a function of basic court management and do not facially impede a litigant's fundamental right to petition.  A litigant is not entitled to total or unlimited access to a court; and the First Amendment should not be used as a cudgel to brow beat state court procedural rules.  Accordingly, Plaintiff does not have a viable First Amendment access to the courts claim.

## CONCLUSION

Plaintiff names defendants who are immune from suit and alleges facts that do not, and cannot, fulfill a First Amendment access to the courts claim.  No defendants could be substituted under these facts; nor could the allegations be differently plead to satisfy a constitutional violation.  Therefore, the Court finds that further amendment would be futile, and the First Amended Complaint will be dismissed without leave to amend.[58]

**IT IS THEREFORE ORDERED:**

---

[57] Alaska R. Crim. P. 2; Alaska R. Civ. P. 1.
[58] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

1. This action shall be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief can be granted, seeking relief from a defendant who is immune from suit, and the futility of amendment.

2. All pending motions are **DENIED AS MOOT**.

3. A dismissal under these circumstances would be a strike as required by 28 U.S.C. § 1915(g) and *Lomax v. Ortiz-Marquez, et al.*, 590 U.S. ___, 140 S. Ct. 172 (2020).[59]

4. The Clerk of Court shall issue a final judgment.

DATED this 2nd day of June, 2022 at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[59] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."